IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RODNEY MICHAEL MCCOLLIGAN, **Plaintiff,** v. VENDOR RESOURCE MANAGEMENT, *et al.*, **Defendants.** | **CIVIL ACTION NO. 5:18-cv-00111-TES** |

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND DECLARATORY RELIEF AND MOTION FOR CEASE AND DESIST ORDER**

On March 30, 2018, Plaintiff filed a complaint [Doc. 1] seeking to enjoin the Defendants from evicting him from his property because they allegedly defrauded him and violated various state and federal laws during the foreclosure process. The same day, Plaintiff filed a Motion for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief seeking to enjoin "improper eviction actions" which he claimed would occur on either March 31 or April 1, 2018. [Doc. 3, p. 2].[1] Plaintiff also filed a motion for a cease and desist order [Doc. 7], requesting the same injunction sought in

---

[1] Plaintiff filed his Motion on March 20, 2018, and Defendant Vendor Resource Management responded on April 9, 2018. [Doc. 9]. Plaintiff's Motion is one in which "the Court may clearly determine from the record before it the relative legal positions of the parties." Local Rule 7.7. Thus, Plaintiff's Motion is excepted from the briefing schedule, and the Court enters this Order without waiting the fourteen-day period Plaintiff is allotted to file a reply brief under Local Rule 7.3.

his Motion for Temporary Restraining Order. For the following reasons, Plaintiff's requests for a temporary restraining order and a cease and desist order are **DENIED**.

## Factual Background

This action arises from the non-judicial foreclosure of Plaintiff's home in Warner Robins, Georgia. Plaintiff claims that on August 17, 2007, he entered into a mortgage agreement with Market Street Mortgage Corporation, a predecessor in interest of Defendant Vendor Resource Management (hereinafter "Vendor"). [Doc. 1, ¶ 11]. Market Street Mortgage Corporation then assigned the mortgage to the Georgia Housing and Finance Authority ("GHFA"). [Doc. 9, p. 2]. Plaintiff defaulted on the loan, and the GHFA foreclosed on the property on April 4, 2017. [*Id.*] Thereafter, the GHFA transferred the property to Vendor, who initiated a dispossessory proceeding in the Magistrate Court of Houston County, Georgia, in June 2017. [Doc. 9, Ex. E, p. 2]. The Magistrate Court awarded Vendor a writ of possession, and on January 5, 2018, the Superior Court of Houston County affirmed. [*Id.*] The Superior Court dismissed Plaintiff's appeal on March 14, 2018. [Doc. 9, Ex. G].

Plaintiff filed this action on March 30, 2018, alleging that the original mortgage agreement between himself and Market Street Mortgage was a product of fraud. [Doc. 1, ¶ 15]. He contends that this entitles him to a declaration that the mortgage agreement is "null and void." [*Id.*] To stop his impending eviction, Plaintiff filed his present

*McColligan v. Vendor Resource Management*
United States District Court for the Middle District of Georgia
5:18-cv-00111-TES
Page 2 of 5

motion for a temporary restraining order and preliminary injunction on March 30, 2018. [Doc. 3]. Plaintiff also filed a "Petition for Cease and Desist" on April 6, 2018, requesting an order "to enjoin Vendor Resource Management Authorized Agent For The Secretary of Veteran Affairs from seeking enforcement and the Sheriff's Office from enforcing the Dispossessory Warrant dated March 27, 2018." [Doc. 7, p. 1].

## CONCLUSIONS OF LAW

A. <u>I</u><u>NJUNCTIVE RELIEF IS BARRED BY THE </u><u>A</u><u>NTI</u><u>-I</u><u>NJUNCTION </u><u>A</u><u>CT</u><u>, 28 U.S.C. § 2283</u>.

The Anti-Injunction Act, 28 U.S.C. § 2283, absolutely prohibits a federal court from enjoining a state court proceeding unless (1) the injunction is "expressly authorized by Act of Congress," (2) the injunction is "necessary in aid of [the court's] jurisdiction", or (3) the injunction is necessary "to protect and effectuate [the court's] judgments." *See Atlantic Coast Line R. Co. v. Bhd. Of Locomotive Engineers*, 398 U.S. 281, 286 (1970). Plaintiff's request that the Court enjoin the execution of Vendor's writ of possession implicates the Anti-Injunction Act because the Superior Court of Houston County, a state court, issued the writ of possession. *See Molina v. Aurora Loan Services, LLC*, 635 F. App'x 618, 623 (11th Cir. 2015) (finding that "the Anti-Injunction Act precludes the district court from granting [the plaintiff's] requested injunction" to halt the execution of a writ of possession). Moreover, none of the exceptions to the Anti-

Injunction Act apply in this case. Therefore, the Anti-Injunction Act bars Plaintiff's request for injunctive relief to stop Vendor from evicting him from the property.

The same result applies to Plaintiff's request for a cease and desist order. [Doc. 7]. The relief Plaintiff seeks is the same as that requested in his Motion for Temporary Restraining Order [Doc. 3], and such relief is barred by the Anti-Injunction Act. Therefore, Plaintiff's Motion for A Cease and Desist Order [Doc. 7] is **DENIED**.

B. <u>PLAINTIFF FAILS TO SUFFICIENTLY PLEAD THE ELEMENTS REQUIRED FOR A TEMPORARY RESTRAINING ORDER</u>.

The party moving for a temporary restraining order must establish the following:

> (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam). However, in the Eleventh Circuit, "a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to each of the four prerequisites." *Id.* (internal citations omitted).

Aside from his bare conclusion that "the evidence elicited demonstrates that Plaintiff will succeed on the merits at trial," [Doc. 3, p. 8], Plaintiff makes no effort to establish the elements necessary to obtain a preliminary injunction. Plaintiff therefore fails to meet the high burden imposed under *Siegel* and is not entitled to preliminary

injunctive relief. Thus, Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief is hereby **DENIED**.

**SO ORDERED**, this 10th day of April, 2018.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**