# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | |
|---|---|
| **RODNEY MICHAEL MCCOLLIGAN,** | |
| **Plaintiff,** | **CIVIL ACTION NO.** |
| **v.** | **5:18-cv-00111-TES** |
| **VENDOR RESOURCE MANAGEMENT,** *et al.,* | |
| **Defendants.** | |

## ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE

The Court previously denied Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief [Doc. 3]. In that motion, Plaintiff requested a temporary restraining order to halt the execution of a state-court-ordered writ of possession. The Court denied the motion on the grounds that such relief is barred by the Anti-Injunction Act. [Doc. 11]. Plaintiff then filed the instant Motion to Set Aside [Doc. 12], in which he claims the Court's application of the Anti-Injunction Act was erroneous. For the reasons that follow, his motion is **DENIED**.

As a preliminary matter, the Court retains jurisdiction over Plaintiff's motion despite Plaintiff's contemporaneous filing of a Notice of Appeal [Doc. 13]. Plaintiff's Motion to Set Aside is labeled as Rule 60(b) motion. [Doc. 12 at 1]. Pursuant to Federal Rule of Appellate Procedure 4, the Court retains jurisdiction over a Rule 60 motion until

it disposes of the motion. Fed. R. App. P. 4(a)(4). Thus, the Court has jurisdiction over Plaintiff's Motion to Set Aside.

Plaintiff improperly couched his objections in a Rule 60 motion. Federal Rule of Civil Procedure 60(b) allows a party to move the Court for relief from a "final judgment, order, or proceeding" for reasons such as mistake, newly discovered evidence, void judgments, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The word "final" limits the application of the rule to orders that are dispositive of the entire case as opposed to interlocutory. *See* Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment; *Final Order*, Black's Law Dictionary (10th ed. 2014). An interlocutory order is one that "relates to some intermediate matter in the case," and includes orders on preliminary injunctions. *Interlocutory Order*, Black's Law Dictionary (10th ed. 2014). The Court's order on Plaintiff's temporary restraining order was an interlocutory one, and is therefore not subject to relief under Rule 60(b).

In light of Plaintiff's *pro se* status, the Court will construe his motion as a motion for reconsideration under Local Rule 7.6. "Motions for Reconsideration shall not be filed as a matter of routine practice." LR 7.6, MDGa. Thus, these motions are only appropriate if Plaintiff shows that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590,

at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Georgia Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). These motions also do not "provide an opportunity to simply reargue an issue the Court has once determined." *Id.*

In its previous order, the Court found that the Anti-Injunction Act prevented it from granting a temporary restraining order and interfering with the execution of a state-court judgment, and Plaintiff takes issue with that determination. However, the Court also denied Plaintiff's motion for a temporary restraining order on the alternate ground that he put forth "no effort to establish the elements necessary to obtain a preliminary injunction." [Doc. 11 at 4]. The fact remains that a temporary restraining order was not justified, either by fact or law, and Plaintiff does not show a change in law, new evidence, or a clear error warranting reconsideration of the previous order. Therefore, Plaintiff's Motion to Set Aside is **DENIED**.

**SO ORDERED**, this 26th day of June, 2018.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**