# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **RODNEY MICHAEL MCCOLLIGAN,** *Plaintiff,* v. **VENDOR RESOURCE MANAGEMENT,** *Defendant.* | **CIVIL ACTION NO. 5:18-cv-00111-TES** |

## ORDER GRANTING MOTION TO DISMISS

Defendant Vendor Resource Management moves to dismiss Plaintiff Rodney Michael McColligan's complaint for failure to state a claim upon which relief may be granted. Plaintiff did not respond to the motion and, for the following reasons, Defendant's Motion to Dismiss [Doc. 27] is **GRANTED**.

## FACTUAL BACKGROUND

This action arises from the non-judicial foreclosure of Plaintiff's home in Warner Robins, Georgia. Plaintiff claims that on August 17, 2007, he entered into a mortgage agreement with Market Street Mortgage Corporation, a predecessor in interest of Defendant Vendor Resource Management. [Doc. 1, ¶ 11]. Market Street Mortgage Corporation then assigned the mortgage to the Georgia Housing and Finance Authority ("GHFA"). [Doc. 9, p. 2]. Plaintiff defaulted on the loan, and the GHFA foreclosed on the property on April 4, 2017. [*Id.*]. Thereafter, the GHFA transferred the property to

Defendant, who initiated a dispossessory proceeding in the Magistrate Court of Houston County, Georgia, in June 2017. [Doc. 9, Ex. E, p. 2]. The Magistrate Court awarded Defendant a writ of possession, and on January 5, 2018, the Superior Court of Houston County affirmed. [*Id.*]. The Superior Court dismissed Plaintiff's appeal on March 14, 2018. [Doc. 9, Ex. G].

Plaintiff subsequently instituted this action, alleging that (1) certain Georgia state statutes violate his rights to due process, trial by jury, and access to the courts, as well as his Seventh Amendment rights and the Georgia Constitution; (2) Defendant unlawfully "created and carried out an 'ultra viris' [sic] transaction" by using a promissory note to fund his mortgage loan; (3) Defendant fraudulently omitted material information concerning the loan terms at the time Plaintiff signed the mortgage and, in doing so, breached its fiduciary duties and violated the Truth in Lending Act ("TILA")[1] and the Fair Debt Collection Practices Act ("FDCPA")[2]; and (4) Plaintiff is entitled to an injunction to halt the foreclosure and eviction proceedings. *See generally* [Doc. 1].

Plaintiff also filed a motion for a temporary restraining order and preliminary injunction. [Doc. 3]. The Court denied the motion, and the Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal of that order. [Docs. 11, 23]. After the Court issued

---

[1] 15 U.S.C. § 1601 *et seq.*

[2] 15 U.S.C. § 1692 *et seq.*

2

its Order and before the Court of Appeals considered the appeal, Plaintiff was evicted from his property. *See* [Doc. 19, p. 6]; [Doc. 23, p. 4].

Defendant now moves to dismiss the substantive allegations of Plaintiff's complaint for failure to state a claim and moves to dismiss Plaintiff's request for injunctive relief as moot. *See generally* [Doc. 27]. Plaintiff did not file a response to Defendant's motion to dismiss, and the Court finds as follows.

## DISCUSSION

### A. Standard of Review

When ruling on a 12(b)(6) motion, the Court must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if the plaintiff alleges sufficient factual matter to state a claim for relief that is plausible on its face, and he must state more than "unadorned, the-defendant-unlawfully-harmed-me accusations." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). He must also "plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action," *id.*, such that the factual allegations contained in the complaint are "enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

When assessing a motion to dismiss for failure to state a claim, the Court employs a two-step framework. *McCullough*, 907 F.3d at 1333. First, the Court identifies and disregards allegations that are "no more than mere conclusions," since "[c]onclusory

allegations are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Second, the Court "assume[s] any remaining factual allegations are true and determine[s] whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

### B.     Count I: Due Process Violations

In his first cause of action, Plaintiff alleges that Ga. Code Ann. §§ 9-11-56, 44-7-54, and 44-7-56[3] are unconstitutional because they "impair [his] right to due process of law and a jury trial," his rights under the Seventh Amendment and the Georgia Constitution, and his right to access the courts. [Doc. 1, ¶¶ 54–56]. These allegations do not implicate any actionable conduct committed by Defendant and, therefore, do not state a claim upon which relief may be granted in this case. Count I is **DISMISSED without prejudice**.

### C.     Count II: Ultra Vires Bank Fraud and TILA and FDCPA Violations

Plaintiff also alleges that Defendant (or its predecessors in interest) failed to fully disclose material terms and conditions of the mortgage agreement, particularly that Plaintiff's mortgage would be secured by a promissory note. [Doc. 1, ¶¶ 59–61, 65]. Plaintiff further alleges that Defendant "carried out an ultra vir[e]s transaction" by using a promissory note to fund the mortgage, and that Defendant's nondisclosure of material

---

[3] Ga. Code Ann. § 9-11-56 is Georgia's summary judgment statute, § 44-7-54 governs the payment of rent into court in dispossessory proceedings, and § 44-7-56 provides instructions on how to appeal a state trial court's judgment in a dispossessory proceeding.

4

facts pertaining to the mortgage agreement violated TILA, the FDCPA, and Defendant's fiduciary duties. [*Id.* at ¶¶ 66, 68, 69].

1. Ultra Vires Defense

As a preliminary matter, the Georgia legislature has severely limited the availability of ultra vires claims against corporations. Ga. Code Ann. § 14-2-304 specifically provides that "the validity of corporate action may not be challenged on the ground that the corporation lacks or lacked power to act," except in limited circumstances that do not apply here. To the extent Plaintiff seeks to invalidate the mortgage agreement between himself and Defendant (a corporate entity) on the grounds of ultra vires, he fails to state a claim.

2. TILA Violation

Plaintiff's TILA allegations also fail to state a claim. TILA was enacted to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). In furtherance of this purpose, TILA requires that creditors provide "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635, 1638). However, a private right of action under TILA only exists against a "creditor," which is defined as

5

> a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(g). By this language, a private right of action generally exists only against the originating creditor. *See Gregory v. Select Portfolio Servicing, Inc.*, No. 2:15-cv-00781-JHE, 2016 WL 4540891, at *14 (N.D. Ala. Aug. 31, 2016). However, a consumer can bring a civil action against an assignee of a credit transaction secured by real property if the alleged TILA violation is "apparent on the face of the disclosure statement provided in connection with such transaction" and "the assignment to the assignee was voluntary." 15 U.S.C. § 1641(e)(1).

In this case, it is clear from the face of Plaintiff's complaint that Defendant was not the originating creditor for the mortgage, and Plaintiff does not allege any facts to suggest that a TILA violation was apparent on the face of any disclosure statement. Thus, Plaintiff has failed to allege that Defendant is a creditor subject to suit under TILA and fails to state a claim.

But even if Defendant were indeed a TILA creditor, Plaintiff's TILA claim is time-barred. Civil TILA claims carry a one-year statute of limitations, which begins to run on

the date of the alleged violation. 15 U.S.C. § 1640(e).[4] Plaintiff alleges that Defendant failed to make certain disclosures before he signed the mortgage agreement on August 17, 2007. [Doc. 1, ¶¶ 11, 12]. Thus, the limitations period ended, at the very latest, on August 17, 2008. By filing this lawsuit on March 30, 2018, Plaintiff failed to bring suit within the statutory limitations period, and his TILA claim is barred.

        3.      <u>FDCPA Violation</u>

Plaintiff also claims that Defendant violated the FDCPA by failing to disclose that the mortgage agreement was secured by a promissory note. The FDCPA was primarily enacted to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and provides a private right of action against any "debt collector" who fails to comply with the Act, 15 U.S.C. § 1692k(a). A debt collector is defined as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

Plaintiff's complaint merely states that "Defendant's non-disclosure of the true costs of the loan . . . constitute[s] false statements pursuant to the [FDCPA]." [Doc. 1, ¶ 68]. It cannot be inferred from this allegation that Defendant was a debt collector within the meaning of the statute or that Defendant engaged in any abusive practice while

---

[4] This limitations period is extended to three years for violations of 15 U.S.C. §§ 1639, 1639b, and 1639c, which do not apply here. *See* 15 U.S.C. § 1640(e).

attempting to collect a debt. Accordingly, Plaintiff fails to state a claim against Defendant under the FDCPA.[5]

    4.    <u>Breach of Fiduciary Duty</u>

Finally, Plaintiff's breach-of-fiduciary-duty claim fails. Under Georgia law, such a claim requires proof of "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." *Griffin v. Fowler*, 579 S.E.2d 848, 850 (Ga. Ct. App. 2003). A fiduciary is defined as "[s]omeone who is required to act for the benefit of another person on all matters within the scope of their relationship; one who owes another the duties of good faith, loyalty, due care, and disclosure." *Fiduciary*, Black's Law Dictionary (10th ed. 2014). Defendant's position as assignee of Plaintiff's mortgage does not fit into this description of a fiduciary, and it cannot be said that Defendant owed Plaintiff any fiduciary duty. Therefore, Plaintiff fails to state a claim for breach of fiduciary duty against Defendant, and Count II is **DISMISSED without prejudice**.

**D.**    **<u>Count III: Injunctive Relief</u>**

In his third cause of action, Plaintiff seeks an injunction to halt his eviction. Defendant moves to dismiss this claim as moot because the foreclosure and eviction proceedings have already occurred. The Eleventh Circuit Court of Appeals, in dismissing

---

[5] As with Plaintiff's TILA claim, any FDCPA claim arising from nondisclosure of material facts is also time-barred. The FDCPA requires injured parties to bring suit within one year of the date the alleged violation occurs. 15 U.S.C. 1692k(d). At the latest, Defendant's alleged violation occurred on August 17, 2007 when he signed the mortgage agreement without full disclosure of the terms, and Plaintiff did not file this lawsuit until March 30, 2018.

8

Plaintiff's appeal of this Court's denial of his motion for a preliminary injunction, noted that "a plaintiff's claims for equitable relief become moot when that relief can no longer prevent the defendant's future conduct from causing future injury." *McColligan v. Vendor Res. Mgmt.*, ___ F. App'x ___, 2019 WL 1163839, at *2 (11th Cir. Mar. 13, 2019) (quoting *Adler v. Duval Cty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997)). The Court of Appeals went on to conclude that Plaintiff's request for an injunction is moot because Defendant evicted Plaintiff before the appeal could be decided. *Id.* Because Plaintiff's has already undergone the foreclosure and eviction processes, he "no longer needs protection from future injury," and his claim for injunctive relief is moot. *Adler*, 112 F.3d at 1477. Count III is **DISMISSED**.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss [Doc. 27]. Counts I and II of Plaintiff's Complaint are **DISMISSED without prejudice**, and Count III is **DISMISSED**.[6]

**SO ORDERED**, this 23rd day of April, 2019.

s/Tilman E. Self, III<br>
**TILMAN E. SELF, III, Judge**<br>
**UNITED STATES DISTRICT COURT**

---

[6] In addition to Vendor Resource Management, Plaintiff names "DOES 1 through 94" as defendants in this action. [Doc. 1, p. 1]. Fictitious party pleading is not permitted in federal court, unless a plaintiff describes the defendants with enough specificity to determine their identities. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Plaintiff has not attempted to amend his complaint to substitute the proper parties for the John and Jane Does, and dismissal of the claims against these unnamed defendants is appropriate.